UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CHAD EDWARD HATTEN, | Civil No. 08-865 (JRT/SRN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES, | |
| Respondent. | |

Petitioner commenced this action by filing an application for habeas corpus relief under 28 U.S.C. § 2241, and an application for leave to proceed in forma pauperis, ("IFP"). The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

On March 26, 2008, Petitioner filed a habeas corpus petition that presented claims pertaining to his incarceration by the federal Bureau of Prisons.  It was readily apparent to the Court, however, that Petitioner was not actually challenging the fact or duration of his confinement, but rather, he was challenging the conditions of his confinement.  Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, Petitioner's habeas corpus petition was summarily stricken, without prejudice. Petitioner was granted leave to file an amended pleading, to be prepared and submitted as a non-habeas civil rights complaint.  He was also directed to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1).  (Order dated March 31, 2008; [Docket No. 4].)

The Court's prior order in this case expressly advised Petitioner that if he did not file an amended pleading, and pay his initial partial filing fee, by April 30, 2008, he would be deemed to have abandoned this action, and it would be recommended that the action be

dismissed pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's prior order in this matter has now expired, and Petitioner has not filed a civil complaint, nor has he paid any filing fee. In fact, Petitioner has not communicated with the Court on this matter at all since he filed his original habeas corpus petition. Therefore, it is now recommended, in accordance with the Court's prior order in this matter, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, No. 07-1426 (8th Cir. 2008), 2008 WL 540172 (unpublished opinion) at * 1 ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 3), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:   July 14, 2008

                                             s/ Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 29, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the

basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.